**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4115**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENNETH DEVON GROSS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:04-cr-00284-HFF-1)

Submitted: July 22, 2008        Decided: July 24, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Devon Gross pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000) (Count 1); use, carry, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2008) (Count 2); and possession with intent to distribute heroin, in violation of 21 U.S.C. 841(a)(1) (2000) (Count 3). Gross was sentenced to a total of 102 months of imprisonment: forty-two months for Counts 1 and 3, and sixty months for Count 2, to run consecutively to Counts 1 and 3. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether the district court erroneously denied Gross' motion to suppress the evidence. For the reasons that follow, we affirm.

A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction, except in narrow circumstances not presented in this appeal. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Direct review of an adverse ruling on a pre-trial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea. Fed. R. Crim. P. 11(a)(2); see Tollett, 411 U.S. at 267 (holding entry of guilty plea waives challenges to "the deprivation of constitutional rights that occurred prior to the entry of the

guilty plea"); <u>United States v. Wiggins</u>, 905 F.2d 51, 52 (4th Cir. 1990) ("A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction, except in narrow circumstances."). Because Gross entered an unconditional guilty plea to his offenses, he cannot now attack the district court's pre-trial decision denying his motion to suppress the evidence.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal.<sup>*</sup> Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

<sup>*</sup>Despite notice, Gross has not filed a pro se supplemental brief.